

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN WORTHINGTON<br>4500 SE 2ND PL<br>RENTON WA.98059 ,<br><br>          PLAINTIFF,<br>VS.<br><br>UNITED STATES DEPARTMENT<br>OF JUSTICE,<br>950 Pennsylvania Avenue, NW, R. 2242<br>Washington, DC 20530-0001,<br><br>          DEFENDANT, | Civil Action. No.<br><br>Case: 1:20-cv-01291<br>Assigned To : Jackson, Amy Berman<br>Assign. Date : 5/14/2020<br>Description: FOIA/Privacy Act (I-DECK) |

## COMPLAINT

Plaintiff John Worthington brings this action against United States Department of Justice to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefore, Worthington alleges as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a) (4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

### PARTIES

3. Plaintiff is John Worthington a citizen investigator at 4500 SE 2ND PL Renton Wa. 98059.

Worthington seeks to promote transparency, accountability, and integrity in government and fidelity to the rule of law. As part of his mission, Worthington has been requesting records from federal agencies pursuant to FOIA regarding the West Sound Narcotics Enforcement Team (WestNET). Worthington has an ongoing case against WestNET and the Tacoma Narcotics Enforcement Team (TNET), in regards to a drug raid in Renton, Washington in 2007.

4. Defendant United States Department of Justice ("U.S. DOJ") is an agency of the U.S. Government and is headquartered in Washington DC. U.S. DOJ has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On 1/14/2016 Worthington submitted a FOIA request to the U.S. DOJ seeking the production of: A) Request for asset sharing information for the West Sound Narcotics Enforcement Team (WestNET) in Kitsap County, Washington

6. By e-mail March 27, 2019, the U.S.DOJ acknowledged receipt of Plaintiff's FOIA request on 1/14/2016 and assigned it Reference Number 117480.

7. Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), U.S.DOJ was required to determine whether to comply with the FOIA request within twenty (20) working days of receipt of the request and to notify Worthington immediately of its determination, the reasons therefor, and the right to appeal any adverse determination.

8. The U.S.DOJ determination regarding Worthington's FOIA request was due by February 4, 2016 at the latest.

9. On March 17, 2020, U.S.DOJ provided records for Kitsap County and for WestNET, with redactions to each set of records. Specifically, 7 (F) law enforcement purpose exemption.

10. On March 17, 2020, Worthington challenged the 7 (F) exemption, because WestNET does not legally exist to apply exemptions to. "There is no law enforcement purpose exemption applicable to a "non-entity" (2nd report) all of those actions would be considered on frolic or in this case performing the Rico Act of using a non-entity to function as a seizing agency."

11. U.S.DOJ has not replied to any communications since March 17, 2020.

12. Because the U.S.DOJ has failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A), Worthington is deemed to have exhausted any and all administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C).

### COUNT 1
(Violation of FOIA, 5 U.S.C. § 552)

13. Worthington realleges paragraphs 1 through 11 as if fully stated herein.

14. Defendant is unlawfully withholding records requested by Worthington pursuant to 5 U.S.C. § 552.

15. Worthington is being irreparably harmed by reason of Defendant's unlawful withholding of records responsive to Worthington's FOIA request, and Worthington will continue to be irreparably harmed unless Defendant is compelled to conform their conduct to the requirements of the law.

WHEREFORE, Worthington respectfully requests that the Court: (1) order Defendant to

conduct searches for any and all responsive records to Worthington's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Worthington's FOIA request; (2) order Defendant to produce, by a date certain, any and all non-exempt records to Worthington's FOIA request and a Vaughn index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper, such as fees for FOIA delay..

**Respectfully submitted** this 11th day of May 2020.

> BY  /s/ JOHN WORTHINGTON
> John Worthington Pro Se
> 4500 SE 2ND PL.
> Renton WA.98059

Certificate of Service

I hereby certify that on the 11TH day of May, 2020, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Johnny Walker
950 Pennsylvania Avenue, NW, Room 2242
Washington, DC 20530-0001
johnny.walker@usdoj.gov

**BY: // JOHN WORTHINGTON**
John Worthington Pro Se
4500 SE 2ND PL.
Renton WA. 98059
425-919-3910