UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHN WORTHINGTON,

        *Plaintiff*,

v.

U.S. DEPARTMENT OF JUSTICE,

        *Defendant*.

Case No. 1:20-cv-01291 (TJK)

### ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Defendant, the U.S. Department of Justice ("Defendant" or "DOJ"), through and by the undersigned counsel, hereby answers the Amended Complaint as follows:

### JURISDICTION AND VENUE

1.    DOJ admits only that this Court has jurisdiction subject to the limitations of the Freedom of Information Act ("FOIA").

2.    DOJ admits that venue is proper in this judicial district.

### PARTIES

3.    DOJ lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 3.

4.    DOJ admits that it is an agency of the U.S. Government headquartered in Washington, D.C.  The remaining allegations in this paragraph consist of legal conclusions to which no response is required.

## STATEMENT OF FACTS

5. DOJ admits that it received a FOIA request from Plaintiff dated January 14, 2016. DOJ respectfully refers the Court to the FOIA request for a complete and accurate statement of its contents.

6. DOJ admits the allegations in this Paragraph.

7. Paragraph 7 characterizes the FOIA, which speaks for itself and is the best evidence of its contents. DOJ respectfully refers the Court to the statute for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

8. Paragraph 8 consists of Plaintiff's characterization of the FOIA and DOJ's obligations under the FOIA, to which no response is required.

9. DOJ admits that it responded to Plaintiff's FOIA request with a letter dated March 16, 2020 (sent on March 17, 2020), providing Plaintiff with information responsive to his FOIA request (Gov. Exh. A). DOJ respectfully refers the Court to the March 16, 2020 letter for a complete and accurate statement of its contents.

10. DOJ admits that it received an email from Plaintiff dated March 17, 2020. DOJ respectfully refers the Court to the email for a complete and accurate statement of its contents.

11. DOJ denies the allegations in this Paragraph as DOJ responded to Plaintiff's email inquiries on May 12, 2020 (Gov. Exh. B), and provided additional information to Plaintiff via email on May 19, 2020 (Gov. Exh. C). DOJ further communicated with Plaintiff on June 17, 2020 (Gov. Exh. D).

12. Paragraph 12 consists of legal conclusions to which no response is required.

## COUNT I

13. DOJ incorporates by reference its responses to Paragraphs 1 through 11 of the Complaint, as if fully set forth herein.

14. Paragraph 14 consists of legal conclusions to which no response is required.

15. DOJ lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 15. The "Wherefore" clause of Paragraph 15 sets forth Plaintiff's requested relief and consists of legal conclusions to which no response is required. To the extent a response is deemed required, DOJ denies that Plaintiff is entitled to the relief it seeks.

## COUNT II

16. DOJ incorporates by reference its responses to Paragraphs 1 through 15 of the Complaint, as if fully set forth herein.

17. Paragraph 17 consists of legal conclusions to which no response is required and DOJ lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 17.

18. Paragraph 18 consists of legal conclusions to which no response is required.

19. DOJ denies the allegations in this Paragraph.

DOJ denies all allegations of the Complaint not expressly admitted or denied above.

## DEFENSES

### First Defense

Plaintiff is not entitled to compel the production of responsive records protected from disclosure by one or more of the exemptions or exclusions to the FOIA, 5 U.S.C. § 552 *et seq*.

### Second Defense

The Court lacks jurisdiction over the subject matter of this Complaint for any relief that exceeds the relief authorized by the FOIA.

Dated: September 10, 2020

Respectfully submitted,

MICHAEL R. SHERWIN
Acting United States Attorney

DANIEL F. VAN HORN
D.C. BAR # 924092
Chief, Civil Division

By:  _____//s//_____
JOHN C. TRUONG
D.C. BAR #465901
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
Tel: (202) 252-2524
Fax: (202) 252-2599
E-mail: John.Truong@usdoj.gov
Counsel for Defendant

## CERTIFICATE OF SERVICE

I certify that I caused to be served the foregoing "Answer" upon *pro se* Plaintiff John Worthington, via U.S. First Class Mail, with postage prepaid, at the following address:

JOHN WORTHINGTON
4500 SE 2ND PL.
Renton, WA  98059
*Pro se* Plaintiff

                __//s//__ *John C. Truong*_____
                John C. Truong
                Assistant U.S. Attorney

Dated: September 10, 2020

| | |
|---|---|
| **From:** | JMDFoia (JMD) |
| **To:** | worthingtonjw2u@hotmail.com |
| **Subject:** | Worthington Response FOIA No. 117480 |
| **Date:** | Tuesday, March 17, 2020 3:44:44 PM |
| **Attachments:** | Kitsap.pdf |
| | WestNET.pdf |
| | Worthington Response.pdf |

Mr. Worthington:

Attached is the Justice Management Division's (JMD) final response to your Freedom of Information Act (FOIA) request tracking number 117480.

Karen McFadden
FOIA Contact
Justice Management Division

Gov. Exh. A



**U.S. Department of Justice**

Justice Management Division

*Office of General Counsel*

Washington, D.C. 20530

MAR 1 6 2020

Mr. John Worthington
worthingtonjw2u@hotmail.com

        Re:    JMD FOIA Request No. 117480

Mr. Worthington,

      On behalf of the Department of Justice (DOJ), Justice Management Division (JMD), I am responding to your referenced Freedom of Information Act (FOIA) request dated January 14, 2016. You requested agency records concerning asset sharing information for the West Sound Narcotics Enforcement Team (WestNET) in Kitsap County, Washington, specifically including "copies of all revenue sharing checks written to WestNET."

      In response to your request, I have attached two reports:

- The first report shows money distributed by the DOJ asset forfeiture program to the Kitsap County Sheriff's Office from October 1, 2006 through April 2, 2019.

- The second report shows money distributed by the DOJ asset forfeiture program to WestNET from October 1, 2006 through April 2, 2019.

      In order to generate these reports, DOJ performed a search of DOJ's Consolidated Asset Tracking System (CATS) on April 2, 2019. This information is being provided to you in full, without redactions other than for masked Asset IDs. Asset IDs have been masked under FOIA Exemption 7(F) because this information was compiled for law enforcement purposes and could reasonably be expected to endanger the life or physical safety of individuals.

      With regard to your specific request for "copies of all revenue sharing checks written to WestNET," DOJ has no records responsive to your request.

      You may contact our FOIA Public Liaison, Karen McFadden at (202) 514-3101 or JMDFOIA@usdoj.gov, for further assistance and to discuss any aspect of your request. Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Gov. Exh. A

Mr. John Worthington
Page 2

      If you are not satisfied with my response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal.  Your appeal must be postmarked or electronically transmitted within 90 days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

Sincerely,

Arthur E. Gary
General Counsel

Enclosures

Gov. Exh. A

| | |
|---|---|
| **From:** | JMDFoia (JMD) |
| **To:** | john worthington |
| **Subject:** | RE: Worthington Response FOIA No. 117480 |
| **Date:** | Tuesday, May 12, 2020 10:23:49 AM |

Good morning,

We are reviewing your request and will respond to your email within two weeks.

---

**From:** john worthington <worthingtonjw2u@hotmail.com>
**Sent:** Monday, May 11, 2020 12:52 AM
**To:** JMDFoia (JMD) <Ex_JMDFoia@jmd.usdoj.gov>
**Subject:** Re: Worthington Response FOIA No. 117480

Hello,

Since I have not heard from you, I am going to file a FOIA case in 2 weeks.

That should give you time to decide what you are going to do.

I am challenging an exemption for a non-entity.

In addition, there is no entity to move for an injunction to stop the release of those records.

See (Worthington v. WestNET.)

https://scholar.google.com/scholar_case?case=4342883772424359591&hl=en&as_sdt=6&as_vis=1&oi=scholarr

---

**From:** john worthington <worthingtonjw2u@hotmail.com>
**Sent:** Wednesday, April 29, 2020 5:58 AM
**To:** JMDFoia (JMD) <JMDFoia@usdoj.gov>
**Subject:** Re: Worthington Response FOIA No. 117480

Hello,

WestNET is not a legal entity to qualify under any exemption.

My motion for summary judgment will point that out.

You can only apply FOIA exemptions to legal government entities not self admitted non-entities.

Gov. Exh. B

See Worthington v. WestNET.

https://casetext.com/case/worthington-v-westnet-3

Please provide access to the WestNet documents you have with redactions removed.

Thank you.

"FOIA cases typically and appropriately are decided on motions for summary judgment." Stein v. U.S. Dep't of Justice, 134 F. Supp. 3d 457, 468 (D.D.C. 2015) (quoting Citizens for Responsibility & Ethics in Wash. v. U.S. Dep't of Justice, 602 F. Supp. 2d 121, 123 (D.D.C. 2009)). The district court reviews de novo the government's decision to withhold documents under any of FOIA's statutory exemptions. Id. (citation omitted). And, the government bears the burden to prove that the requested information falls within one of FOIA's nine exemptions. Hull, 656 F.3d at 1177 (citing 5 U.S.C. § 552(a)(4)(B)); Shapiro v. U.S. Dep't of Justice, 969 F. Supp. 2d 18, 26 (D.D.C. 2013) ("Once [a FOIA] action is filed, the agency generally has the burden of demonstrating that its response to the plaintiff's FOIA request was appropriate.") (citation omitted). Generally, a government agency submits affidavits to satisfy its burden of proof. Hull, 656 F.3d at 1177. Specifically, [A]ffidavits must show, with reasonable specificity, why the documents fall within the exemption. The affidavits will not suffice if the agency's claims are conclusory, merely reciting statutory standards, or if they are too vague or sweeping. If the affidavits provide specific information sufficient to place the documents within the exemption category, if the information is not contradicted in the record, and if there is no evidence in the record of agency bad faith, then summary judgment is appropriate without in camera review of the documents. Id. at 1177–78 (quoting Quiñon v. FBI, 86 F.3d 1222, 1227 (D.C. Cir. 1996)). "Ultimately, an agency's justification for invoking a FOIA exemption is sufficient if it appears 'logical' or 'plausible.'" Stein, 134 F. Supp. 3d at 468–69 (quoting ACLU v. U.S. Dep't of Def., 628 F.3d 612, 619 (D.C. Cir. 2011)).

---

**From:** john worthington <worthingtonjw2u@hotmail.com>
**Sent:** Tuesday, March 17, 2020 3:31 PM
**To:** JMDFoia (JMD) <JMDFoia@usdoj.gov>
**Subject:** Re: Worthington Response FOIA No. 117480

Thank you for responding to my request.

I dispute the 7 (F) exemption because WestNET does not legally exist to apply exemptions to.there is no law enforcement purpose exemption applicable to a "non-entity" (2nd report)all of those actions would be considered on frolic or in this case performing the rico act of using a non-entity to function as a seizing agency. All the exemptions applied to all things Kitsap County qualify for the exemptions.(1st report).

Gov. Exh. B

Please remove the 7 (F) exemption from all of report 2, or indicate what exemptions you have for "private" "non-entities."

Thanks

John Worthington

---

**From:** JMDFoia (JMD) <JMDFoia@usdoj.gov>
**Sent:** Tuesday, March 17, 2020 12:44 PM
**To:** worthingtonjw2u@hotmail.com <worthingtonjw2u@hotmail.com>
**Subject:** Worthington Response FOIA No. 117480

Mr. Worthington:

Attached is the Justice Management Division's (JMD) final response to your Freedom of Information Act (FOIA) request tracking number 117480.

Karen McFadden
FOIA Contact
Justice Management Division

---

   Virus-free. www.avg.com

Gov. Exh. B

| | |
|---|---|
| **From:** | JMDFoia (JMD) |
| **To:** | john worthington |
| **Subject:** | RE: Worthington Response FOIA No. 117480 |
| **Date:** | Tuesday, May 19, 2020 4:46:56 PM |
| **Attachments:** | FINAL- John Worthington - FOIA #117480.xls |

Please see the attached chart that includes additional information.  We hope that this satisfies your request.


**From:** john worthington <worthingtonjw2u@hotmail.com>
**Sent:** Tuesday, May 12, 2020 7:45 PM
**To:** JMDFoia (JMD) <Ex_JMDFoia@jmd.usdoj.gov>
**Subject:** Re: Worthington Response FOIA No. 117480

Hello,

I am sorry but I sent the lawsuit in today.

I just thought there would be more silence and I have a 90 days from the day of your decision.

As you know the original request took a ridiculous amount of time to get an answer for, so I just thought filing made the most sense considering the amount of delays in this FOIA request..

My decision is based mostly on the previous administration and the failure to respond before the Washington State Supreme Court decided Worthington v. WestNET IN 2018.

I would like to thank the current administration for finally getting to the request when it did.

We can work in good faith and if I get the 400 back I will be glad to drop the FOIA complaint.

Thanks

John Worthington


**From:** JMDFoia (JMD) <JMDFoia@usdoj.gov>
**Sent:** Tuesday, May 12, 2020 7:23 AM
**To:** john worthington <worthingtonjw2u@hotmail.com>
**Subject:** RE: Worthington Response FOIA No. 117480

Good morning,

Gov. Exh. C

We are reviewing your request and will respond to your email within two weeks.

---

**From:** john worthington <worthingtonjw2u@hotmail.com>
**Sent:** Monday, May 11, 2020 12:52 AM
**To:** JMDFoia (JMD) <Ex_JMDFoia@jmd.usdoj.gov>
**Subject:** Re: Worthington Response FOIA No. 117480

Hello,

Since I have not heard from you, I am going to file a FOIA case in 2 weeks.

That should give you time to decide what you are going to do.

I am challenging an exemption for a non-entity.

In addition, there is no entity to move for an injunction to stop the release of those records.

See (Worthington v. WestNET.)

https://scholar.google.com/scholar_case?case=4342883772424359591&hl=en&as_sdt=6&as_vis=1&oi=scholarr

---

**From:** john worthington <worthingtonjw2u@hotmail.com>
**Sent:** Wednesday, April 29, 2020 5:58 AM
**To:** JMDFoia (JMD) <JMDFoia@usdoj.gov>
**Subject:** Re: Worthington Response FOIA No. 117480

Hello,

WestNET is not a legal entity to qualify under any exemption.

My motion for summary judgment will point that out.

You can only apply FOIA exemptions to legal government entities not self admitted non-entities.

See Worthington v. WestNET.

https://casetext.com/case/worthington-v-westnet-3

Gov. Exh. C

Please provide access to the WestNet documents you have with redactions removed.

Thank you.

"FOIA cases typically and appropriately are decided on motions for summary judgment." Stein v. U.S. Dep't of Justice, 134 F. Supp. 3d 457, 468 (D.D.C. 2015) (quoting Citizens for Responsibility & Ethics in Wash. v. U.S. Dep't of Justice, 602 F. Supp. 2d 121, 123 (D.D.C. 2009)). The district court reviews de novo the government's decision to withhold documents under any of FOIA's statutory exemptions. Id. (citation omitted). And, the government bears the burden to prove that the requested information falls within one of FOIA's nine exemptions. Hull, 656 F.3d at 1177 (citing 5 U.S.C. § 552(a)(4)(B)); Shapiro v. U.S. Dep't of Justice, 969 F. Supp. 2d 18, 26 (D.D.C. 2013) ("Once [a FOIA] action is filed, the agency generally has the burden of demonstrating that its response to the plaintiff's FOIA request was appropriate.") (citation omitted). Generally, a government agency submits affidavits to satisfy its burden of proof. Hull, 656 F.3d at 1177. Specifically, [A]ffidavits must show, with reasonable specificity, why the documents fall within the exemption. The affidavits will not suffice if the agency's claims are conclusory, merely reciting statutory standards, or if they are too vague or sweeping. If the affidavits provide specific information sufficient to place the documents within the exemption category, if the information is not contradicted in the record, and if there is no evidence in the record of agency bad faith, then summary judgment is appropriate without in camera review of the documents. Id. at 1177–78 (quoting Quiñon v. FBI, 86 F.3d 1222, 1227 (D.C. Cir. 1996)). "Ultimately, an agency's justification for invoking a FOIA exemption is sufficient if it appears 'logical' or 'plausible.'" Stein, 134 F. Supp. 3d at 468–69 (quoting ACLU v. U.S. Dep't of Def., 628 F.3d 612, 619 (D.C. Cir. 2011)).

---

**From:** john worthington <worthingtonjw2u@hotmail.com>
**Sent:** Tuesday, March 17, 2020 3:31 PM
**To:** JMDFoia (JMD) <JMDFoia@usdoj.gov>
**Subject:** Re: Worthington Response FOIA No. 117480

Thank you for responding to my request.



I dispute the 7 (F) exemption because WestNET does not legally exist to apply exemptions to.there is no law enforcement purpose exemption applicable to a "non-entity" (2nd report)all of those actions would be considered on frolic or in this case performing the rico act of using a non-entity to function as a seizing agency. All the exemptions applied to all things Kitsap County qualify for the exemptions.(1st report).

Gov. Exh. C

| | |
|---|---|
| **From:** | JMDFoia (JMD) |
| **To:** | john worthington |
| **Subject:** | RE: Worthington Response FOIA No. 117480 |
| **Date:** | Wednesday, June 17, 2020 6:17:26 PM |

Based on the additional information you have provided as to what information you are seeking, we are compiling additional records that we will provide to you as soon as possible.

---

**From:** john worthington <worthingtonjw2u@hotmail.com>
**Sent:** Tuesday, May 19, 2020 6:37 PM
**To:** JMDFoia (JMD) <Ex_JMDFoia@jmd.usdoj.gov>
**Subject:** Re: Worthington Response FOIA No. 117480

WestNET should have submitted an"ESAC"***

Agencies must annually submit an ESAC in the eShare portal, regardless of whether funds were received or maintained during the fiscal year, in order to maintain compliance. The ESAC must be reviewed and approved by the head of the law enforcement agency and a designated official of the governing body prior to submission. For the purposes of the Program, the governing body is the governmental entity that allocates appropriated funding to the law enforcement agency. In no instance can any individual from the law enforcement agency sign as the governing body head. By approving the ESAC, the signatories agree to be bound by the statutes and guidelines that regulate the Program and certify that the law enforcement agency will comply with these guidelines and statutes. Agencies must submit the ESAC within two months after the end of their fiscal year. No extensions to this deadline will be granted. Agencies will remain non-compliant until all paperwork is received and approved. For example, if the agency's fiscal year ends September 30, the ESAC must be filed, reviewed, and accepted by November 30 for the agency to remain compliant.

---

**From:** john worthington <worthingtonjw2u@hotmail.com>
**Sent:** Tuesday, May 19, 2020 3:21 PM
**To:** JMDFoia (JMD) <JMDFoia@usdoj.gov>
**Subject:** Re: Worthington Response FOIA No. 117480

This may help you find the types of forms I am looking to get.

The fiduciary agency may submit one Equitable Sharing Request form (DAG-71) or Treasury TD F 92-22.46 form (TD F) under its NCIC code on behalf of the task force. The DAG-71 or TD F form must include the total workhour and qualitative contributions of all task force member agencies in the investigation...

Alternatively, each agency participating in a task force may file an individual DAG-71 or TD F

Gov. Exh. D

form.

These forms and documents should have been encompassed in my request.

Thanks

John Worthington

---

**From:** john worthington <worthingtonjw2u@hotmail.com>
**Sent:** Tuesday, May 19, 2020 3:05 PM
**To:** JMDFoia (JMD) <JMDFoia@usdoj.gov>
**Subject:** Re: Worthington Response FOIA No. 117480

Hello,

I would appreciate a Vaughn index of what you have as far as WestNET is concerned. This is an excel which could be generated. Each Eshare filing should have more information than this. Typically a cover sheet or something.

This was vital information that would have or could have altered the course of the Worthington v. WestNET before the final rulings in 2018.

With a proper and timely response, I could have cross referenced E share filings with Kitsap County… who to date was able to say there were no E-share filings..which is now obviously not true.

What is the U.S. DOJ proposing to do about the delay and filing fee?

Four years is not acceptable.

The obvious collusion was not acceptable.

I think I am being reasonable here.

Thanks for what you have done so far after the request.

John Worthington

Gov. Exh. D